## (April 8, 1959)

■   HARRY MONTFORD, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur, except Williams and Goldman, JJ., who dissent and vote for reversal and for granting a new trial, in the following memorandum: This is an appeal from a property damage verdict for plaintiff arising out of the demolition of plaintiff's truck, by one of defendant's trains, while allegedly unable to move off the tracks. The complaint alleged that the accident was caused "when the rear wheels of his said truck became caught in a depression caused by snow and ice on the said tracks and right of way". The amended complaint alleged that the front wheels were so caught and that defendant was negligent in maintaining the crossing "in a dangerous and defective condition and it did not remove snow and ice so that it would be reasonably safe for travel  ⁎  ⁎  ⁎ and  ⁎  ⁎  ⁎  that it negligently and carelessly constructed and maintained said highway crossing". There was ample proof from plaintiff's witnesses that, as a result of a recent heavy snowstorm, ruts one foot deep existed at the crossing where the wheels of passing trains had cut through the snow. There was further evidence that the two center tracks, on which the accident occurred, were raised above the grade about 6 to 12 inches. No testimony was introduced to show the angle of elevation or to prove that it was a dangerous or unusual way to construct this railroad crossing. The question of liability for an accident caused by presence of snow and ice has been considered by this Department in *Ego* v. *Erie R. R. Co.* (234 App. Div. 649) and *Baltimore & Ohio R. R. Co.* v. *Howard Sober, Inc.* (276 App. Div. 818). These cases definitely determined that a railroad has no duty to keep snow and ice off its crossings. It is argued, however, that the defendant becomes liable when snow and ice plus the manner of construction creates a dangerous condition which caused the accident. We believe that we do not reach this question because the record is barren of proof to support this theory. In constructing and maintaining a highway crossing at grade, a railroad is required to use such reasonable care as is necessary under the particular conditions existing at the location rather than the highest degree of care. The railroad is obliged to restore the highway to a state which does not unnecessarily impair its usefulness although the highway is not restored exactly to it former condition (Railroad Law, § 21; Baldwin, American Railroad Law, p. 156; 3 Elliott, Railroads [3d ed.], § 1573, p. 385). Some change in the highway is always necessary due to the varying contour of the right of way and the railroad cannot be expected to conform the grade of its road bed to every change in topography. It is the duty of the railroad to provide a reasonably safe crossing, but where the tracks are above the level of the highway the incline need be "only such a distance from the crossing as is reasonably necessary to enable the traveler to reach or pass the crossing, by the exercise of ordinary care with reasonable convenience and safety". (3 Elliott, Railroads [3d ed.], § 1575, p. 390; see, also, § 1576, pp. 391–394.) Elliott points out at pages 393–394 that the railroad may change the grade or surface of the highway to a reasonable degree so long as it is safe. Whether the highway is safe and whether the construction and maintenance of the crossing were done in a reasonable manner are matters for proof. The plaintiff in this case has failed to prove anything except that the center tracks were 6 to 12 inches higher than the rest of the highway and were somewhat bumpy. No testimony was introduced to show that the construction, which had existed in the same general

condition for 50 years, was not done in accordance with approved railroad practice or that there had been any prior accidents during the 50-year period, or that there were holes or defective planking which the railroad should have corrected. Several of plaintiff's own witnesses stated that they normally had no trouble in crossing the tracks although the crossing might have been somewhat bumpy. The railroad is not an insurer of all persons who use the crossing but rather it must be reasonably prudent and careful to protect them from harm. Absent any proof showing dangerous or improper construction the verdict cannot be sustained. (Appeal from a judgment of Chautauqua Trial Term for plaintiff in a railroad negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.